IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 09-09000 MCF |
|---|---|
| RAFAEL A SCHETTINI GUTIERREZ | CHAPTER 7 |
| Debtor | |
| JESSICA BONANO AND MIS RAICES | ADVERSARY NO. 12-00237 |
| Plaintiff | |
| v. | |
| RAFAEL A SCHETTINI GUTIERREZ | FILED & ENTERED ON 04/01/2013 |
| Defendant(s) | |

OPINION AND ORDER

Jessica Bonano and Mis Raices (hereinafter collectively referred to as "Plaintiff") filed motions for reconsideration of the Court's order granting Rafael A. Schettinni Guitierrez's (hereinafter referred to as "Debtor") motion to dismiss for failure to file a timely adversary action and for failure to file a timely opposition to the motion to dismiss (Docket No. 17, 18 and 19 in Adv. No. 12-0237). For the reasons stated below, the Court hereby DENIES Plaintiff's motions for reconsideration.

Plaintiff alleges in essence that the Court's determination that the adversary complaint was untimely filed is erroneous, as a matter of law, because her claims for exemption to discharge are not governed by 11 U.S.C. § 523(c), but by 11 U.S.C. § 523(a)(3) &

1

(10).   Furthermore, Plaintiff alleges that the February 4, 2012 deadline set in the Clerk of the Court's Notice (Docket No. 88 in the Legal case 09-9000) does not apply to her since "the act of reopening the bankruptcy case is only ministerial in nature, lacks independent legal significance and determines nothing with respect to the merits of the case." Plaintiff cites Staffer v. Predovitch (In re Staffer), 306 F.3d, 972 (9th Cir. 2002) in support of her position (See Docket No. 19 at 14 in Adv. No. 12-0237).

Plaintiff's complaint seeks relief under 11 U.S.C. § 523(a)(3) and (10).  Complaints for relief under these two sub-sections are not time barred by Fed. R. Bankr. P. 4007(b) which states that they may be filed at any time.

Section 523(a)(3) exempts from discharge any debt that Debtor did not list in the instant bankruptcy case in time to permit (A) the Creditor a timely filing of a proof of claim or (B) the Creditor a timely filing of a proof of claim and a timely request for a determination of dischargeability of  debt falling within sub-sections (2),(4) or (6) of § 523(a).  These sub-sections refer to debt obtained by false pretenses, false statement, fraud or willful and malicious injury.

In the instant case, it is an uncontested fact that Debtor did not include Plaintiff in his original schedules (See Debtor's motion to Reopen the Case on Docket No. 57 in the legal case No.

2

09-900). The Court re-opened the bankruptcy case (Case No. 09-09000, Docket No. 85) after considering Plaintiff's opposition thereto, and ordered the Clerk of the Court to schedule a new 341 meeting and set new deadlines for filing proofs of claim and objection to discharge. The Clerk of the Court complied and, among other deadlines, gave notice to all creditors in the case that the new deadline to object to Debtor's discharge or to challenge dischargeability of certain debts was February 4, 2012 (Case No. 09-9000, Docket No. 88).

Plaintiff was given notice of this date (Docket No. 92) and, as she states in her motion for reconsideration, at the hearing held on October 26, 2011, "the Bankruptcy Court then told Plaintiffs (through the undersigned counsel) that they had to file an adversary proceeding seeking a declaration of exemption from discharge"(Case No 09-09000, Docket No. 19 at page 8). However, Plaintiff did not file her adversary complaint until March 26, 2012 (Docket No. 115), after the time period elapsed for duly notified creditors to file a dischargeability complaint, pursuant to 11 U.S.C. § 523(c).

After the case was re-opened and creditors and Plaintiff were given proper notice of new deadlines, the relief from discharge sought by Plaintiff is governed by 11 U.S.C. § 523(c) and not 11 U.S.C. § 523(a)(3) and (10) because Schedule F was amended to

3

include Plaintiff and the new duly notified deadlines enabled Plaintiff to assert her rights regarding dischargeability. Section 523(a) only applies to creditors when their debt is unscheduled; and thus they are deprived of right to timely file a claim, participate in the bankruptcy process and to file a timely opposition to Debtor's discharge. The Court in In re Walker, 195 B.R. 187, 207(Bankr.N.H. 1996) found that after reopening a bankruptcy case and the creditor is added to the schedules:

> ...the newly-listed creditors should be given an opportunity to conduct examinations of the debtors and both the debtors and the creditors should have the opportunity to have the dischargeability of the newly-listed debts determined in the bankruptcy court. With regard to any mandatory-ground for establishing nondischargeability, creditors who fail to raise such issues within the deadline specified shall be barred thereafter from raising such grounds.

Given the aforementioned facts, Plaintiff fell squarely within the scope of Section 523(c) and was subject to the new deadline pursuant to Fed. R. Bankr. P. 4007(c). Pursuant to Fed. R. Bankr. P. 9006(b)(3) that governs enlargement of time periods in bankruptcy, the Court has discretion to enlarge the time period, but only to the extent and under the conditions stated in Rule 4007. This deadline may be extended by the Court, but the request must be made before the time period elapses, pursuant to Fed. R. Bankr. P. 4007(c). Plaintiff did not request a timely extension of

4

the bar date to file the complaint. The Court does not have discretion to allow untimely filings.  Therefore under Section 523(c), the complaint is time barred.

Plaintiff argues that her complaint is governed by Section 523(a)(3) and (10).  As said previously, the Court disagrees. Section 523(a)(3)was no longer available to Plaintiff after she was duly informed of the bankruptcy and in a position to assert her rights in the reopened bankruptcy case.

Plaintiff cites Ninth Circuit case, Staffer, in support of her position that the reopening of the case lacks legal significance and did not bar Plaintiff's seeking exemption of dischargeability under Section 523(a). The Court does not consider this case applicable to the case at bar because in Staffer, the court considered a creditor's motion to reopen the bankruptcy case to determine dischargeability; however, the creditor in that case was not listed in the schedules, as we have in the instant case.  The Court in Staffer decided that the creditor's motion to file a complaint to determine the dischargeability of an unscheduled debt under 11 U.S.C. § 523(a)(3)(B)was not time barred by the provisions of Fed. R. Bankr. P. 4007(c).  This decision is couched on the fact that there was an unscheduled debt; a fact that was corrected in the instant case upon reopening the case by (1) Debtor's amended

5

Schedule F to include Plaintiff, (2) the Clerk of the Court's giving Plaintiff proper notice of all new deadlines, (3) the Plaintiff being afforded time and opportunity to oppose Debtor's discharge and (4)the Court having advised Plaintiff at a hearing on October 26, 2012, to file a complaint if she so wished.

Plaintiff also asserts that relief is possible under Section 523(a)(10) which exempts from discharge any debts in a prior case in which (a) Debtor waived discharge or (b) Debtor was denied a discharge pursuant to 11 U.S.C. §727(a)(2),(3),(4),(5),(6) or (7) or under section 14c(1),(2),(3),(4),(6) or (7) of the Bankruptcy Act.

Plaintiff admits that Debtor listed her claim in Debtor's prior bankruptcy case No. 05-10816 (Docket No. 117, Complaint at page 10). However, Plaintiff alleges that:

> Debtor waived his discharge or was denied a discharge in this previous case, since that previous case was dismissed due to Debtor's failure to pay its creditors in compliance with the amended chapter 13 Payment Plan, as confirmed and subsequently modified. Said failure to comply with the confirmed amended plan constitutes a refusal to 'obey a lawful order of the court' under section 727(6)(A). Hence, Plaintiff's claim in bankruptcy is exempted from discharge as per 11 U.S.C. § 523(a)(10). (Adv. No. 12-0237, Docket No. 117, complaint at page 10).

The Court disagrees with Plaintiff's interpretation of waiver of discharge and denial of discharge.  Nowhere in the record does it reflect that the Debtor waived his right to a discharge in the previous bankruptcy case nor, much less, was denied a discharge by the Court.   Plaintiff asserts that the dismissal of Debtor's previous case due to feasibility issues is the equivalent of a waiver or denial of discharge.  She further argues that Debtor's failure to comply with the provisions of the Plan constitutes refusal to obey a court order under Section 727(a)(6) and as such, Debtor's bankruptcy is exempted from discharge.

The Court finds Plaintiffs' assertions to be incorrect. Requirements under Section 523(a)(10) include either evidence of the Debtor's express waiver of discharge in a previous bankruptcy case or a court order denying discharge in a previous bankruptcy case.   Since the Court is not faced with any of these two situations, nor has the Plaintiff provided evidence of this, the Court deems that the requirements for granting relief under Section 523(a)(10) have not been met in the instant case.

In conclusion, the Court finds that Plaintiff, as a matter of law, is not entitled to relief, pursuant to 11 U.S.C. § 523(a) (3) and (10) for the aforementioned reasons.  Relief might have been

granted under 11 U.S.C. § 523(c) had Plaintiff filed a timely complaint, but this is not the set of facts before the Court in the instant case.

**<u>ORDER</u>**

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's motions for reconsideration (Docket No. 17 and 19) are DENIED. Consequently, the adversary proceeding remains dismissed.

**SO ORDERED.**

San Juan, Puerto Rico, this 01 day of April, 2013.



Mildred Caban Flores
U.S. Bankruptcy Judge